UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| GANIYU AYINLA JAIYEOLA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 20-2068-JWB |
| | ) |
| GARMIN INTERNATIONAL, INC., | ) |
| | ) |
| Defendant. | ) |

## ORDER

The pro se plaintiff, Ganiyu Ayinla Jaiyeola, has filed a motion (ECF No. 35) to disqualify the undersigned U.S. Magistrate Judge, James P. O'Hara. Plaintiff invokes 28 U.S.C. § 455(a), which governs disqualification of a judge. For the reasons discussed below, the undersigned respectfully denies plaintiff's motion.

Standard

Section 455 provides that "[a]ny justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."[1] "The standard is purely objective. The inquiry is limited to outward manifestations and reasonable inferences drawn therefrom. In applying the test, the initial inquiry is whether a reasonable *factual* basis exists for calling the judge's impartiality into

---

[1] 28 U.S.C. § 455(a). The statute continues in § 455(b) to describe specific circumstances under which a judge should disqualify himself, but those circumstances do not apply here, nor does plaintiff argue they do.

question."[2] Under this statute, "[t]here must be a reasonable factual basis to question the judge's impartiality."[3] Recusal is not required based only on assumptions about a judge's beliefs that aren't substantiated by the record.[4]

Analysis

Plaintiff has failed to present adequate facts to support disqualification. Much of plaintiff's briefing focuses on restating his position on the merits of the case, followed by a string of case cites stating the standard for a judge's recusal. To the extent plaintiff does include specific factual support for disqualification, there is nothing that suggests the undersigned's impartiality should be questioned.

To support his motion, plaintiff argues "it was apparent [the undersigned] was personally biased and prejudiced against plaintiff" at the parties' Rule 16 scheduling conference on September 29, 2020.[5] Plaintiff further cites the undersigned's February 20, 2020 order denying plaintiff's motion to appoint counsel.[6] Specifically, plaintiff argues the undersigned made conclusory, antagonistic statements by explaining, to the extent plaintiff's damages calculation exceeded the statutory caps, as defense counsel represented

---

[2] *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993) (citations omitted) (emphasis in original).

[3] *In re McCarthey*, 368 F.3d 1266, 1269 (10th Cir. 2004).

[4] *Id.* at 1269–70.

[5] ECF No. 35 at 3.

[6] ECF No. 6.

at the conference, mediation would likely be unproductive.[7]  Plaintiff argues these comments constituted an abuse of discretion that "showed deep-seated favoritism or antagonism."[8]

The record does not bear this out.  At the scheduling conference, the undersigned discussed the District of Kansas's position on settlement and alternative dispute resolution.  After allowing each side to represent whether mediation would be productive in this case, the undersigned ultimately dispensed with mediation with the parties' agreement.  The undersigned did "respectfully urge [plaintiff] to spend some time getting familiar with the sorts of damages that are available in this kind of case and the caps that apply to those recoveries."[9]  Plaintiff is entitled to calculate his own damages demand, and the undersigned did not interfere with plaintiff's prerogative to do so.  Although the undersigned stated he wouldn't force a settlement, he did advise plaintiff that asking for damages well in excess of the caps would be unproductive at best.  Any comments regarding the likely productivity of such numbers were well within the undersigned's role of facilitating the progress and ultimate resolution of this case, including the decision whether to move forward with mediation.

---

[7] ECF No. 36 at 9.

[8] *Id.* at 10.

[9] 9/29/20 Scheduling Conference Tr.

3

Plaintiff also argues the undersigned began "literally deposing plaintiff"[10] by asking questions at the conference about the parties' plans for depositions. Plaintiff seems to insinuate the undersigned's questions violated his privacy by revealing information about his financial status.[11] Plaintiff represents this constituted "open badgering."[12] During the scheduling conference, the undersigned raised plaintiff's pro se status as it relates to the substantial expense of taking depositions, particularly the cost of a court reporter.[13] The undersigned did not comment with any specifics on plaintiff's financial status; rather, he inquired whether plaintiff was prepared to take on this expense, which plaintiff confirmed he was able to do.[14]

The undersigned denies plaintiff's motion for lack of adequate legal and factual support. The disqualification statute is not intended to give litigants a veto power over sitting judges or a vehicle for obtaining a judge of their choice.[15] To the extent plaintiff cites the undersigned's denial of his request for appointed counsel, the fact that a judge has

---

[10] ECF No. 35 at 3.

[11] ECF No. 36 at 10.

[12] *Id.* at 12.

[13] 9/29/20 Scheduling Conference Tr.

[14] *Id.*

[15] *McCormick v. Six*, No. 08-3058-SAC, 2008 WL 824253, at *1 (D. Kan. Mar. 25, 2008); *Cooley*, 1 F.3d at 993.

made an adverse ruling is not a basis for disqualification.[16] To the extent plaintiff relies on statements from the scheduling conference, conclusory allegations of bias are not sufficient grounds for disqualification.[17] Nor is disqualification warranted by rumor, speculation, beliefs, suspicion or opinion.[18]

The court, in reviewing the briefing and the audio recording of the relevant scheduling conference, finds that plaintiff's arguments are unsubstantiated suggestions of personal bias and prejudice. The undersigned asked typical questions to explore the parties' plans to handle pre-trial obligations, including the possibility of mediation and the logistics of taking depositions. The questions are ones the undersigned would be inclined to ask of any pro se plaintiff under similar circumstances. Given the record, the undersigned maintains "as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require."[19]

IT IS THEREFORE ORDERED that plaintiff's motion to disqualify (ECF No. 35) is denied.

---

[16] *Kalashnikov v. Herbert*, No. 2:19-CV-00411-CW-PMW, 2020 WL 1030726, at *1–2 (D. Utah Mar. 3, 2020) (citing *Liteky v. United States*, 510 U.S. 540, 555 (1994) ("Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion")).

[17] *Kalashnikov*, 2020 WL 1030726, at *1–2 (citing *In re Trierweiler*, 570 Fed. App'x 766, 775 (10th Cir. 2014)).

[18] *McCormick*, 2008 WL 824253, at *1.

[19] *Bryce v. Episcopal Church in the Diocese of Colorado*, 289 F.3d 648, 659 (10th Cir. 2002) (quoting *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995)).

Dated November 9, 2020, at Kansas City, Kansas.

                                        s/ James P. O'Hara
                                        James P. O'Hara
                                        U.S. Magistrate Judge