UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GANIYU AYINLA JAIYEOLA,                    )
                                           )
                    Plaintiff,             )
                                           )
v.                                         )   Case No. 20-2068-JWB
                                           )
GARMIN INTERNATIONAL, INC.,                )
                                           )
                    Defendant.             )

## **ORDER**

Plaintiff, Ganiyu Ayinla Jaiyeola, proceeding pro se, filed this failure-to-hire employment-discrimination case against defendant, Garmin International, Inc.  During a scheduling conference held September 29, 2020, defendant argued discovery in this case should be governed by a protective order; plaintiff disagreed, stating he would oppose any blanket protective order (ECF No. 26 at 8–9).  The undersigned U.S. Magistrate Judge, James P. O'Hara, tried to explain to plaintiff that a protective order would not be blanket in the sense that it would apply to every document, rather, it would be for efficiency purposes given the broad categories of documents that typically are exchanged in employment-discrimination cases (ECF No. 26 at 9).  Given the parties' disagreement on this issue, the court set a deadline for defendant to file a formal motion for a protective order.

Defendant timely filed its motion for protective order (ECF No. 22), including a proposed protective order modeled after the form that's included as part of the Protective Order Guidelines posted on the District of Kansas website.  Plaintiff timely filed his

opposition to defendant's motion, and further took the position that, if any protective order is filed, his proposed order should be used.[1]  The sample protective order plaintiff attached to his opposition was entered in another case in this jurisdiction in 2017.[2]  Defendant's reply brief summarizes the material differences between the parties' proposed orders.[3]

<u>Analysis</u>

Federal Rule of Civil Procedure 26(c)(1) provides that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ."[4]  The Tenth Circuit has recognized the usefulness of blanket protective orders in that

> [t]hey allow the parties to make full disclosure in discovery without fear of public access to sensitive information and without the expense and delay of protracted disputes over every item of sensitive information, thereby promoting the overriding goal of the Federal Rules of Civil Procedure, 'to secure the just, speedy, and inexpensive determination of every action.'"[5]

The district court has broad discretion to decide when a protective order is appropriate and what degree of protection is required.[6]  The party seeking a protective order has the burden to show good cause for it.[7]  To establish good cause, this party must make

---

[1] ECF No. 29, Ex. B at 10.

[2] *See id.*, Ex. C.

[3] ECF No. 34 at 2.

[4] Fed. R. Civ. P. 26(c)(1).

[5] *Univ. of Kan. Ctr. for Research, Inc. v. United States*, No. 08-2565-JAR-DJW, 2010 U.S. Dist. LEXIS 12893, at *11–13 (D. Kan. Feb. 12, 2010) (quoting *United Nuclear Corp. v. Cranford Ins. Co.*, 905 F.2d 1424, 1427 (10th Cir. 1990)).

[6] *Id.* at *10 (citing *MGP Ingredients, Inc. v. Mars, Inc.*, 245 F.R.D. 497, 500 (D. Kan. 2007)).

[7] *Id.* (citing *Reed v. Bennett*, 193 F.R.D. 689, 691 (D. Kan. 2000)).

a particular and specific demonstration of fact,[8] and may do so on a generalized basis, as opposed to a document-by-document basis.[9]  If the party seeking protection shows good cause to believe discovery will involve confidential or protected information, agreement to enter a blanket protective order between the parties is not required.[10]

Plaintiff's response largely focuses on the parties' scheduling conference and his various grievances stemming from it.  Specifically, plaintiff argues defendant made "conclusory and out-of-context assertions" that were in bad faith during the scheduling conference.[11]  Plaintiff primarily takes issue with defendant saying "that his medical records would become public" were he to claim mental distress.[12]  Because plaintiff proceeds pro se, the court will liberally construe his pleadings and hold them to a less stringent standard than formal pleadings drafted by lawyers.[13]  Nevertheless, the court "expects [him] to 'follow the same rules of procedure that govern [represented] litigants.'"[14]

As discussed at the scheduling conference and reiterated in today's order, a protective order is fairly standard practice in employment cases and useful to both parties.

---

[8] *Id.* (citing *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 (1981)).

[9] *Matson v. Hrabe*, No. 11-3192-RDR, 2013 U.S. Dist. LEXIS 117654, at *6 (D. Kan. Aug. 20, 2013) (citing *Bartholomees v. Signator Investors, Inc.*, No. 03-2081-GTV, 2003 U.S. Dist. EXIS 21443, at *1 (D. Kan. Nov. 25, 2003)).

[10] *Id.* at *5-6 (citing *Bartholomees*, 2003 U.S. Dist. LEXIS 21443, at *1).

[11] ECF No. 29 at 8.

[12] *Id.* at 10.

[13] *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[14] *Hirt v. Unified Sch. Dist. No. 287*, No. 17-2279-JAR-GEB, 2018 U.S. Dist. LEXIS 121478, at *6 (D. Kan. July 20, 2018) (quoting *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (recognizing the Tenth Circuit's insistence that pro se parties follow the same rules that govern represented parties)).

And ultimately, plaintiff seems to agree a protective order is necessary, though he has a different idea of the scope of it. The court's form protective order includes provisions deemed necessary in civil cases for the fair and efficient resolution of cases. The court is not inclined to remove provisions of the standard protective order in the absence of a compelling reason, and plaintiff has not persuaded the court his changes should be made.

Defendant has met its burden in showing good cause exists for a protective order on a generalized basis. Defendant states it reasonably anticipates that documents containing confidential business information and sensitive, confidential information regarding third parties will be requested by plaintiff.[15] This belief is based on plaintiff's indication that he will be requesting confidential information of Garmin employees and applicants, including dates of birth, demographic information, and applications and resumes containing personal and non-public information.[16] Because defendant has met its burden with this showing, plaintiff's agreement to enter a protective order is not required. The parties will be permitted to make full disclosures in discovery "without fear of public access to sensitive information and without the expense and delay of protracted disputes over every item of sensitive information."[17]

IT IS THEREFORE ORDERED that defendant's motion for protective order (ECF No. 22) is granted. The court will enter a protective order, based on the parties' proposals, in a separate docket entry.

---

[15] ECF No. 23 at 2.
[16] *Id.* at 2–3.
[17] *Univ. of Kan. Ctr. for Research, Inc.*, 2010 U.S. Dist. LEXIS 12893, at *13 (quoting *United Nuclear Corp.*, 905 F.2d at 1427).

Dated November 9, 2020, at Kansas City, Kansas.

          s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge