UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| GANIYU AYINLA JAIYEOLA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 20-2068-HLT |
| GARMIN INTERNATIONAL, INC., ) | |
| ) | |
| Defendant. ) | |

## **ORDER**

The pro se plaintiff, Ganiyu Ayinla Jaiyeola, has filed a motion (ECF No. 61) for a protective order to preclude defendant from allowing a corporate representative to attend fact-witness depositions. The parties are scheduling depositions in this case, the first of which has been noticed for January 21, 2021.[1] Defense counsel has informed plaintiff her client will send a corporate representative to attend that deposition and ostensibly others.[2] Plaintiff opposes the presence of anyone beyond the witness, plaintiff, and defendant's counsel of record.[3] The parties have discussed the issue over the phone and continue to disagree on the presence of the corporate representative at fact-witness depositions.[4]

The District of Kansas has issued Deposition Guidelines, available on the court's website at http://ksd.uscourts.gov/wp-content/uploads/2015/10/depoguidelines.pdf. Section 4(a) provides for attendance at depositions by "counsel of record, members and

---

[1] ECF No. 60.
[2] ECF No. 61 at 3.
[3] *Id.*
[4] *Id.* at 4.

employees of their firms, attorneys specially engaged by a party for purpose of the deposition, *the parties or the representative of a party*, and counsel for the deponent,"[5] unless otherwise ordered by Fed. R. Civ. P. 26(c).

Plaintiff argues, under Rule 26(c), he's entitled to a protective order to preclude any corporate representative's attendance. The bulk of the motion is spent reciting plaintiff's factual narrative of the case. Beyond setting out the protective-order standard, he doesn't cite any case law to support why he's entitled to a protective order under these circumstances. He only makes a brief argument that a corporate representative's appearance "has the potential to cause harm or prejudice to the deposition process through coaching of Garmin fact witnesses and making efforts to align the testimonies of Garmin fact witnesses during deposition breaks."[6]

The court is mindful plaintiff is proceeding pro se and may not be familiar with every procedural rule. To that end, plaintiff is encouraged to review the Deposition Guidelines, as this court has established its commitment to enforcing them and sanctioning violations.[7] In this instance, the Guidelines are clear that a corporate representative is generally allowed at depositions, and plaintiff hasn't shown any good cause for a protective order granting an exception. Plaintiff's assertion that a corporate representative is likely

---

[5] Emphasis added.

[6] ECF No. 62 at 8-9.

[7] *See, e.g., In re EpiPen (Epinephrine Injection, USP) Mktg., Sales Practices & Antitrust Litig.*, No. 17-MD-2785-DDC-TJJ, 2018 WL 6617105, at *3 (D. Kan. Dec. 14, 2018) (discussing the significance of the Deposition Guidelines and situations where parties have been sanctioned for violating them).

to improperly coach the witness is unfounded by the record and purely speculative at this point.

Further, this remote possibility is addressed by the Deposition Guidelines. Section 5(c) governs private consultation between deponents and their attorneys. The Guidelines state private conferences during the deposition (rather than during recesses and adjournments) are improper except to determine whether a party should assert privilege or work-product immunity; violations of this guideline are proper subjects for inquiry during the deposition about whether there's been any witness-coaching. Although it's not stated explicitly, the court reads this section to have similar force over corporate representatives. So, in the unlikely event of improper coaching, plaintiff may raise that issue at the deposition. Plaintiff is not entitled to a protective order before the deposition to preclude the corporate representative from even attending.

IT IS THEREFORE ORDERED that plaintiff's motion for protective order (ECF No. 61) is denied.

Dated January 12, 2021, at Kansas City, Kansas.

     s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge