UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GANIYU AYINLA JAIYEOLA,            )
                                    )
                Plaintiff,          )
                                    )
v.                                  ) Case No. 20-2068-HLT
                                    )
GARMIN INTERNATIONAL, INC.,        )
                                    )
                Defendant.          )

# ORDER

On January 12, 2021, the court denied plaintiff's motion for protective order (ECF No. 61) seeking to preclude defendant from allowing a corporate representative to attend fact-witness depositions in this case (ECF No. 65). Plaintiff has timely filed a motion for reconsideration of the order (ECF No. 67). For the following reasons, the court denies plaintiff's motion.

Motions for reconsideration may be granted only if the moving party can establish: "(1) an intervening change in controlling law, (2) the availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice."[1] The decision whether to grant or deny a motion for reconsideration is committed to the court's discretion.[2] A motion for reconsideration should not be used to "rehash previously rejected arguments or

---

[1] D. Kan. Rule 7.3.  *See also Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

[2] *Wright ex rel. Trust Co. of Kan. v. Abbott Labs., Inc.*, 259 F.3d 1226, 1235–36 (10th Cir. 2001).

to offer new legal theories or facts."[3]  Such a motion "is not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed."[4]  A motion for reconsideration is "not appropriate to revisit issues already addressed."[5]

Plaintiff ostensibly relies on the third prong, arguing the court misapprehended the facts and plaintiff's position.  Although he arguably relies solely on new legal theories in his argument, the court will construe the pro se motion as arguing that the court's prior ruling was in error.  Plaintiff first reiterates his theory of the case and argues one of the defendant's witnesses committed fraud by altering notes in plaintiff's employment file.  Accordingly, plaintiff argues the sanction for defendant should be to preclude non-deponents from attending depositions.[6]

In support, plaintiff has cited a District of Colorado case that he contends "relates to preventing persons who are not fact witnesses at a deposition."[7]  Plaintiff cites the case for the proposition that "if [defendant] is present during plaintiff's deposition, then the plaintiff is entitled to have one [persons who are not fact witnesses] for . . . support.  If [defendant] is not present, then plaintiff's [persons who are not fact witnesses] should not

---

[3] *Theno v. Tonganoxie Unified Sch. Dist. No. 464*, 377 F. Supp. 2d 952, 976 (D. Kan. 2005) (citing *Demster v. City of Lenexa, Kan.*, 359 F. Supp. 2d 1182, 1184 (D. Kan. 2005)).

[4] *Fears v. Unified Gov't of Wyandotte Cty.*, No. CV 17-2668-KHV, 2018 WL 5435403, at *1 (D. Kan. Oct. 29, 2018) (citing *Brown v. Presbyterian Healthcare Servs.*, 101 F.3d 1324, 1332 (10th Cir. 1996)).

[5] *Fears*, 2018 WL 5435403, at *1.

[6] ECF No. 67 at 3.

[7] *Id.*

be present."[8]

The case plaintiff cites, *Surat v. Klamser, et al.*, 19-00901-WJM-NRN (D. Colo. 2019) involves a plaintiff who alleged her Fourth Amendment rights were violated during an arrest by the defendant police officer. The plaintiff wanted her parents to attend her deposition for emotional support as she testified about what was, to her, a traumatic and painful experience.[9] The defendants filed a motion for a protective order to preclude the plaintiff's parents from attending. The U.S. Magistrate Judge, N. Reid Neureiter, entered a minute entry on March 10, 2020, granting the motion in part and allowing plaintiff to have one of her parents present for emotional support, but only if the arresting officer attended the deposition.[10]

This case is inapposite. For one, plaintiff has cited to the defendants' *motion*, not any binding or persuasive case law. Further, that case involved the contested presence of the plaintiff's non-party parents for the purpose of emotional support, not a corporate representative of a party. As discussed in the court's prior order, this district's Deposition Guidelines specifically permit corporate representatives to attend depositions. What's more, Judge Neureiter actually *did* allow one parent to attend the deposition, provided the defendant was present. Beyond broadly involving the use of a protective order to govern deposition attendance, *Surat* doesn't apply to the circumstances here. Plaintiff hasn't

---

[8] ECF No. 68 at 8.

[9] Case No. 19-00901-WJM-NRN, ECF No. 94.

[10] *Id.*, ECF No. 95.

shown the court erred in its prior ruling.  The court finds reconsideration is therefore not appropriate.

IT IS SO ORDERED that plaintiff's motion (ECF No. 67) is denied.

Dated January 15, 2021, at Kansas City, Kansas.

                                           s/ James P. O'Hara
                                           James P. O'Hara
                                           U.S. Magistrate Judge