UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| GANIYU AYINLA JAIYEOLA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 20-2068-HLT |
| | ) |
| GARMIN INTERNATIONAL, INC., | ) |
| | ) |
| Defendant. | ) |

## ORDER

The pro se plaintiff, Ganiyu Ayinla Jaiyeola, has filed a second motion (ECF No. 81) to disqualify the presiding U.S. Magistrate Judge, James P. O'Hara. Plaintiff invokes 28 U.S.C. § 455(a), which governs disqualification of a judge. On November 9, 2020, the undersigned denied plaintiff's first motion[1] to disqualify under the same statute, based on the undersigned's rulings in this case and statements made at the parties' Rule 16 scheduling conference.[2] For the reasons discussed below, the court respectfully denies plaintiff's second motion to disqualify.

Section 455(a) provides that "[a]ny justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." "The standard is purely objective. The inquiry is limited to outward manifestations and reasonable inferences drawn therefrom. In applying the test, the initial

---

[1] ECF No. 35.

[2] ECF No. 38.

O:\ORDERS\20-2068-HLT-81.DOCX

inquiry is whether a reasonable *factual* basis exists for calling the judge's impartiality into question."[3]  Under this statute, "[t]here must be a reasonable factual basis to question the judge's impartiality."[4]  Recusal is not required based only on assumptions about a judge's beliefs that aren't substantiated by the record.[5]

Plaintiff has again moved to disqualify the undersigned.  Plaintiff cites two recently-filed motions, one for a protective order (ECF No. 61) and one to compel certain discovery responses (ECF No. 63).  On January 12, 2021, the undersigned denied the motion for protective order because he could rule on the issue without requiring defendant to respond.[6]  To summarize, plaintiff had moved to preclude the attendance of a corporate representative at depositions, and the District of Kansas Deposition Guidelines specifically allow a corporate representative to attend depositions.  The undersigned, citing those guidelines, denied plaintiff's motion.

As for the motion to compel, the undersigned hasn't yet ruled.  Plaintiff asked for expedited briefing on the motion, filed on January 12, 2021, because he wanted rulings before a deposition scheduled for January 21.  Plaintiff had previously asked for an additional month to file the motion to compel, which was granted.[7]  The undersigned didn't

---

[3] *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993) (citations omitted) (emphasis in original).

[4] *In re McCarthey*, 368 F.3d 1266, 1269 (10th Cir. 2004).

[5] *Id.* at 1269–70.

[6] ECF No. 65.

[7] ECF No. 66.

find good cause to then expedite the briefing to accommodate the recently-scheduled deposition of John Mudd, which was, at that point, only nine days away. In the absence of good cause to expedite the briefing, the undersigned has allowed the full briefing period for the motion, as governed by D. Kan. R. 6.1(d)(1). Further, the text entry instructed plaintiff he could postpone the deposition if he wanted to wait until the undersigned rules. The motion remains pending and will be ripe on February 9, 2021. It appears from the docket plaintiff has indeed filed an amended notice moving that deposition to February 23, 2021.[8]

Plaintiff contends the undersigned should be disqualified for "selectively ruling"[9] on the motion for protective order and declining to rule on the motion to compel. Plaintiff cites the disqualification standard to argue the undersigned has a bias in this case. But plaintiff hasn't met his burden, beyond arguing the rulings were "arbitrary and capricious,"[10] and the record doesn't show any bias. The undersigned used his discretion to rule on the motion for protective order because the Deposition Guidelines are clear as to the legal issue presented, and no response from defendant was needed. In contrast, the undersigned has allowed full briefing on the motion to compel to comport with the practices of the District of Kansas, as well as D. Kan. R. 6.1(d)(1). There is no reason to recuse based on these rulings.

---

[8] ECF No. 76.

[9] ECF No. 82 at 7.

[10] *Id.*

3

IT IS THEREFORE ORDERED that plaintiff's second motion to disqualify (ECF No. 81) is denied.

Dated January 25, 2021, at Kansas City, Kansas.

s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge