UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| GANIYU AYINLA JAIYEOLA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 20-2068-HLT |
| ) | |
| GARMIN INTERNATIONAL, INC., ) | |
| ) | |
| Defendant. ) | |

# ORDER

The plaintiff, Ganiyu Ayinla Jaiyeola, has filed a motion for leave to serve additional interrogatories beyond the 25 permitted by the court's scheduling order (ECF No. 77). The defendant, Garmin International, Inc., opposes the motion, arguing that plaintiff hasn't complied with the applicable "meet-and-confer" requirements, and that in any event, additional interrogatories aren't appropriate. The undersigned U.S. Magistrate Judge, James P. O'Hara, agrees with defendant in both respects and therefore plaintiff's motion is denied.

Under Rule 37(a)(1) of the Federal Rules of Civil Procedure, motions to compel discovery must "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." In addition, D. Kan. R. 37.2 states:

> The court will not entertain any motion to resolve a discovery dispute pursuant to Fed. R. Civ. P. 26 through 37 . . . unless the attorney for the moving party has conferred or has made reasonable effort to confer with opposing counsel concerning the matter in dispute prior to the filing of the motion. Every certification required by Fed. R. Civ. P. 26(c) and 37 and this

>rule related to the efforts of the parties to resolve discovery or disclosure disputes must describe with particularity the steps taken by all attorneys to resolve the issues in dispute.
>
>A "reasonable effort to confer" means more than mailing or faxing a letter to the opposing party. It requires that the parties in good faith converse, confer, compare views, consult, and deliberate, or in good faith attempt to do so.

The court takes these conference requirements very seriously. Failure to confer alone is a sufficient basis for denial of a discovery motion.[1] The purpose of Fed. R. Civ. P. 37(a)(1) and D. Kan. R. 37.2 is to encourage parties to satisfactorily resolve their discovery disputes before resorting to judicial intervention.[2] "Failure to confer or attempt to confer may result in unnecessary motions. When the court must resolve a dispute the parties themselves could have resolved, it must needlessly expend resources it could better utilize elsewhere."[3] The court looks at all surrounding circumstances to determine whether

---

[1] *Carter v. Spirit Aerosystems, Inc.*, No. 16-1350-EFM-GEB, 2018 WL 5923487, at *7 (D. Kan. Nov. 13, 2018).

[2] *Heglet v. City of Hays, Kan.*, No. 13-228, 2014 WL 2865996, at *1 (D. Kan. June 24, 2014); *Activision TV, Inc. v. Carmike Cinemas, Inc.*, No. 14-208-JWL, 2014 WL 789201, at *2 (D. Kan. Feb. 26, 2014); *VNA Plus, Inc. v. Apria Healthcare Grp., Inc.*, No. 98-2138, 1999 WL 386949, at *1 (D. Kan. June 8, 1999) (citing *Nave v. Artex Mfg., Inc.*, No. 96-2002, 1997 WL 195913, at *1 (D. Kan. Apr. 16, 1997)).

[3] *Activision TV, Inc.*, 2014 WL 789201, at *2 (quoting *Manheim Auto. Fin. Servs. v. Guthrie*, No. 06-2298, 2007 WL 977558, at *1 (D. Kan. Mar. 30, 2007)).

the movant's efforts to confer were reasonable.[4] That includes looking beyond the sheer quantity of contacts and examining their quality, as well.[5]

Plaintiff represents the parties have conferred and attaches an e-mail string about this discovery.[6] He cites multiple calls with defense counsel.[7] Defendant argues the parties have spoken, but plaintiff has failed to adequately confer regarding the *substance* of the interrogatories.[8] The court finds the parties have made some attempts to confer, but overall those attempts have been insufficient to meet the requirements of the federal and local rules.

Even were the court to overlook the parties' failure to meet and confer, it's clear on the merits that plaintiff's motion should be denied. The scheduling order, echoing Fed. R. Civ. P. 33(a), states the parties may not serve more than 25 interrogatories, including discrete subparts.[9] Rule 33(a) allows the court to grant leave to serve additional interrogatories consistent with Rule 26(b)(1) and (2). But under Rule 26(b)(2)(C), the court

---

[4] *Id.* (quoting *Wilbert v. Promotional Res., Inc*., No. 98-2370, 1999 WL 760524, at *2 (D. Kan. Sept. 21, 1999)).

[5] *Firestone v. Hawker Beechcraft Int'l Serv. Co.*, No. 10-1404-JWL, 2012 WL 359877, at *1 (D. Kan. Feb. 2, 2012).

[6] ECF No. 77-2.

[7] ECF No. 102.

[8] ECF No. 91 at 2-3.

[9] ECF No. 19 at 5.

must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that any of the following apply:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).[10]

Plaintiff wants to serve nine additional interrogatories, which were originally served in his second set of interrogatories on December 1, 2020.[11] Three are identical to what he previously served; six were previously served as requests for production. Defendant initially objected, in part, that because they seek information, rather than documents, they should be construed as interrogatories. Defendant previously objected to all of them as exceeding the allowable number of interrogatories. Because of the length of the requests, the undersigned doesn't reproduce them in full here. They are attached to plaintiff's motion.[12]

Essentially, these interrogatories seek names and titles of various company employees who are tangentially related to the individuals plaintiff has named in this case.

---

[10] Fed. R. Civ. P. 26(b)(2)(C). *See also Tuschhoff v. USIC Locating Servs., LLC*, No. 19-CV-1149-EFM-TJJ, 2020 WL 6059735, at *2 (D. Kan. Oct. 14, 2020).

[11] ECF No. 47.

[12] ECF No. 77-2.

Plaintiff seeks sweeping lists of names, titles, races, national origins, ages, disability statuses, and reasons for leaving the company.[13] The interrogatories also include broad requests like "identify what the individuals did,"[14] as to anyone involved in responding to plaintiff's discovery, and "state Garmin's comments [regarding] all relevant information in reaching its decision not to offer employment"[15] to numerous unnamed applicants.

The undersigned first evaluates whether plaintiff has exceeded his allowable interrogatories. Courts in this district apply the "common-theme" standard to determine whether subparts should be counted as separate interrogatories.[16] That is, an interrogatory containing subparts directed at eliciting details concerning a common theme is considered a single question.[17] For example, questions about communications of a particular type should be treated as a single interrogatory, even though it requests that the time, place, persons present, and contents be stated separately for each such communication.[18] Therefore, subparts of an interrogatory that relate to a common theme will not count as separate interrogatories for purposes of the applicable numerical limit, while those subparts not related to a common theme will be counted as separate interrogatories.

---

[13] *See* ECF No. 77-2, Requests Nos. 2, 3, 5, 6, 7, and 9.

[14] *See* ECF No. 77-2, Request No. 3.

[15] *See* ECF No. 77-2, Request No. 9.

[16] *Pouncil v. Branch Law Firm*, 277 F.R.D. 642, 646 (D. Kan. 2011).

[17] *Id.*

[18] *Swackhammer v. Sprint Corp. PCS*, 225 F.R.D. 658, 664 (D. Kan. 2004).

Reviewing the interrogatories plaintiff has served, it's clear he has already met his limit. Plaintiff's first set of interrogatories, served on October 6, 2020,[19] included 24 interrogatories. His second set, served on December 1, 2020,[20] included three more interrogatories; defendant responded to the first interrogatory (number 25 total) before objecting to the rest that plaintiff had exceeded 25.[21] As discussed above, six of the requests styled as requests for production are, in substance, actually interrogatories, which plaintiff doesn't contest. The undersigned treats the subparts within the first 25 interrogatories as within a common theme and doesn't count those against plaintiff's total number. Even so, plaintiff has exceeded the maximum number of interrogatories allowed under the scheduling order.

The undersigned then moves to whether he should grant plaintiff leave to serve nine additional interrogatories. Under D. Kan. R. 33.1, a party seeking leave to serve additional interrogatories must show good cause for their service. Plaintiff argues the interrogatories aren't cumulative or burdensome but doesn't otherwise explain why he should be granted leave to serve them.

Defendant argues they're unreasonably cumulative and overly broad. It addresses the interrogatories individually, showing in its exhibits that for many of them, it's already produced responsive information (for example, producing performance reviews for the

---

[19] ECF No. 20; ECF No. 91-2.

[20] ECF No. 47; ECF No. 91-3.

[21] ECF No. 91-3.

6

decision-makers and naming their supervisors;[22] information about prior complaints of discrimination;[23] information about former employees;[24] racial data on employees' direct reports;[25] and applicant files for others who applied for the same position as plaintiff[26]). Defendant also asserts some of the requested information could be more easily obtained through depositions, which have yet to occur.[27]

On the record presented, the undersigned finds that plaintiff hasn't shown good cause to serve any more interrogatories. The record is clear defendant has already produced much of the relevant information, and the interrogatories are cumulative. Plaintiff hasn't met his burden to show otherwise.

The bottom line is this. Plaintiff isn't permitted to ask again for the same information in slightly-altered ways. Nor is he entitled to serve endless interrogatories. Of course, all parties litigating a case would prefer the chance to ask unlimited questions of the other side. That's not how it works. Plaintiff, like defendant, is constrained by the scheduling order, the federal rules, and the local rules. To the extent plaintiff wants additional factual information about witnesses, depositions are an available tool. To the

---

[22] ECF No. 91 at 8.

[23] *Id.* at 9.

[24] *Id.* at 8-9.

[25] *Id.* at 10.

[26] *Id.* at 12.

[27] *Id.* at 7-8.

extent he believes interrogatories are the only available means of discovery, he'll have to meet the good-cause standard, rather than just re-submit the same interrogatories with no support.

IT IS THEREFORE ORDERED that plaintiff's motion for leave to serve additional interrogatories (ECF No. 77) is denied.

Dated February 19, 2021, at Kansas City, Kansas.

  s/ James P. O'Hara  
James P. O'Hara  
U. S. Magistrate Judge
