IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GANIYU AYINLA JAIYEOLA,

    *Plaintiff,*

vs.

    Case No. 20-cv-2068-EFM

GARMIN INTERNATIONAL, INC.,

    *Defendant.*

## MEMORANDUM AND ORDER

Before the Court is Plaintiff's Motion for Reconsideration of the Court's Order denying his motion for reconsideration of the Court's order denying him relief under Fed. R. Civ. P. 60(b)(4), as well as his request for the appointment of a special master (Doc. 215). Plaintiff, in other words, asks the Court to reconsider its ruling denying his request to reconsider an earlier ruling. The Court has come to expect exactly these types of frivolous and ill-considered motions from Plaintiff. For obvious reasons, the Court denies his Motion. And because Plaintiff has evidenced a proclivity for wasting judicial time and resources with his incessant filings that have little or no chance of success, the Court goes further to impose filing restrictions on Plaintiff.

I.      **Factual and Procedural Background**

This was an employment discrimination action filed by Plaintiff, proceeding pro se, based on Garmin's allegedly discriminatory failure to hire him. The case never made it out of the discovery phase, thanks largely to Plaintiff's abusive litigation conduct. This conduct is well-documented on the docket, in the Court's numerous rulings, and in the Tenth Circuit's overview of the history of the case.[1]

Briefly, Plaintiff sought reconsideration or review of nearly every discretionary ruling of the magistrate judge, made several unsuccessful motions to disqualify the magistrate judge, and repeatedly sought sanctions for alleged misconduct by defense counsel. Plaintiff's conduct did not improve, even after the Court warned him his continued misconduct would result in the dismissal of his case with prejudice, and instead worsened with several frivolous appeals on unappealable interlocutory orders and a deluge of frivolous motions and allegations of misconduct by the magistrate judge and by defense counsel.

The Court ultimately dismissed the case with prejudice as a sanction for Plaintiff's abusive litigation conduct. This dismissal was affirmed by the Tenth Circuit.[2] Following the appeal mandate, Plaintiff filed a motion for relief under Fed. R. Civ. P. 60(b)(4), on the grounds that the judgment against him was "void." The Court denied his motion. In that ruling, the Court also denied Defendant's request for filing restrictions without prejudice to consideration at a later time. Plaintiff thereafter moved for reconsideration and for the appointment of a special master, which

---

[1] *Jaiyeola v. Garmin Int'l, Inc.*, 2022 WL 1218642, at *1 (10th Cir. 2022).

[2] *Id.*

the Court again denied, finding it entirely without merit. Plaintiff now moves for reconsideration of the Court's order denying his request for reconsideration.

## II.      Legal Standard

Local Rule 7.3 governs motions to reconsider non-dispositive orders.[3] Such a motion must be based on "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice."[4] "The standards governing motions to reconsider are well established. A motion to reconsider is appropriate where the court has obviously misapprehended a party's position or the facts or applicable law, or where the party produces new evidence that could not have been obtained through the exercise of due diligence."[5] A motion to reconsider is not an appropriate method for a party to revisit issues already addressed or to advance new arguments and supporting facts that were originally available.[6] In other words, "[a] party's failure to present its strongest case in the first instance does not entitle it to a second chance in the form of a motion to reconsider."[7] The decision regarding whether to grant or to deny a motion for reconsideration is left within the sound discretion of the district court.[8]

Because Plaintiff proceeds pro se, the Court construes his filings liberally and holds them to a less stringent standard than formal pleadings drafted by lawyers.[9] But the Court does not

---

[3] D. Kan. R. 7.3(b).

[4] *Id.*

[5] *Eissa v. Aetna Life Ins. Co.*, 2011 WL 3611492, at *1 (D. Kan. 2011) (quoting *Comeau v. Rupp*, 810 F. Supp. 1172, 1174–75 (D. Kan. 1992)).

[6] *Id.*

[7] *Cline v. S. Star Cent. Gas Pipeline, Inc.*, 370 F. Supp. 2d 1130, 1132 (D. Kan. 2005) (quoting *Sithon Mar. Co. v. Holiday Mansion*, 177 F.R.D. 504, 505 (D. Kan. 1998)).

[8] *Vanlerberghe v. Apfel*, 2000 WL 360104, *1 (D. Kan. 2000) (citations omitted).

[9] *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

assume the role of advocate for a pro se litigant.[10] Also, "pro se parties [must] follow the same rules of procedure that govern other litigants."[11]

### III. Analysis

#### A. Plaintiff's Motion is frivolous.

It is well established that a motion for reconsideration is not an opportunity for a second bite at the apple. A movant cannot simply reiterate arguments it made or should have made in its initial motion. The same is true here, which is actually Plaintiff's *third* bite at the apple.

The Court did not err in denying Plaintiff's Motion for Relief under Rule 60(b)(4), and nor did it err in denying his motion for reconsideration of that ruling. In the instant Motion, Plaintiff does nothing more than trot out the same arguments he has already raised—and the Court has already rejected—or could have raised several times now. As such, the Court is not inclined to waste any more time or judicial resources addressing Plaintiff's frivolous Motion. That Motion (Doc. 215) is denied.

#### B. Filing restrictions against Plaintiff are necessary.

Defendant has not reiterated its request that the Court impose filing restrictions on Plaintiff. But with this latest frivolous motion by Plaintiff, the Court feels it necessary to raise the issue *sua sponte*.[12] The following factors are relevant in determining whether filing restrictions should be imposed on a party:

> (1) The litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing litigation,

---

[10] *Id.*

[11] *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (citation and internal quotation marks omitted).

[12] *See Andrews v. Heaton*, 483 F.3d 1070, 1077 (10th Cir. 2007) ("Federal courts have the inherent power to regulate the activities of abusive litigants by imposing carefully tailored restrictions under appropriate circumstances.").

e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.[13]

As to the first factor, the Court previously took judicial notice of three cases Plaintiff had filed previously in different districts.[14] In two employment discrimination cases, Plaintiff was originally represented by counsel. The relationship broke down each time—for one case, at least, because counsel represented that Plaintiff wished to take frivolous actions. Plaintiff then proceeded pro se in each case and filed repeated motions for reconsideration, motions to strike, and other objections. In a products-liability case against Toyota, Plaintiff again sought reconsideration and filed numerous motions to disqualify the magistrate judge and for sanctions against defense counsel. The court found that Plaintiff "unreasonably taxed this Court's very limited resources with numerous motions that are patently frivolous,"[15] and eventually imposed filing restrictions on Plaintiff. This brief review shows that Plaintiff's history of litigation involves repeated vexatious and abusive filings. The first factor weighs in favor of imposing filing restrictions.

The second factor also clearly favors filing restrictions. While Plaintiff may once have had a good faith expectation of prevailing in this litigation, any such expectation has vanished with the Court's dismissal of his case with prejudice and the Tenth Circuit's order upholding that decision. Further filings in this case are the definition of frivolous.

---

[13] *Curne v. Liberty Mut. Ins. Co.*, 2021 WL 4243123, at *2 (D. Kan. 2021)

[14] *See Jaiyeola v. Carrier Corp.*, Case No. 5:00-cv-01578-LEK-GJD (N.D.N.Y.); *Jaiyeola v. Federal-Mogul Corp.*, Case No. 1:09-cv-01130-PLM (W.D. Mich.); *Jaiyeola v. Toyota Motor N. Am. Inc.*, No. 1:17-cv-562 (W.D. Mich.)

[15] *Jaiyeola v. Toyota Motor Corp.*, 2019 WL 8351525, at *1 (W.D. Mich. 2019), *on reconsideration in part*, 2020 WL 13180216 (W.D. Mich. 2020)

The third factor invites the Court to consider whether Plaintiff is represented by counsel, who might "assist him in discerning cognizable claims from frivolous, harassing motions."[16] Plaintiff is not represented by counsel. Nor does the Court believe that it would make a difference if he was, as he has previously split with several counselors in other cases, at least one of whom noted that Plaintiff was undeterred by the suggestion that his filings were frivolous and improper.

The fourth factor is manifest. Plaintiff has clearly caused needless expense to Defendant and has posed an unnecessary burden on the Court as a result of his repeated meritless filings. With each such filing, Defendant is obligated to respond, and the Court is obligated to review the arguments presented. This factor too weighs in favor of imposing filing restrictions.

Finally, the fifth factor asks the Court to consider whether other sanctions would be adequate to protect the Court and the parties. The Court cannot conclude that other sanctions would be adequate for that purpose. Plaintiff has already endured the ultimate sanction—dismissal of his case with prejudice—and yet he proceeded, brazenly undeterred, to file three consecutive frivolous motions following the return of the Tenth Circuit's appeal mandate. In fact, the Court fears that Plaintiff, unburdened of any possible concern that he has anything else to lose in this case, will increase his production of frivolous filings if action is not taken to curb such impulses.

The Court therefore finds that Plaintiff is likely to continue to abuse the judicial process and that the enumerated factors strongly weigh in favor of imposing filing restrictions. Consistent with Tenth Circuit precedent, the Court has also laid out "the litigant's abusive and lengthy history" and plans to provide "guidelines as to what the litigant must do to obtain the court's permission to

---

[16] *Curne*, 2021 WL 4243123, at *3.

file" in this case as well as "notice and an opportunity to oppose the court's order before it is instituted."[17]

Accordingly, the Court finds it necessary to impose filing restrictions to deter future frivolous motions and to protect the Court and Defendant from having to expend needless time and energy responding to meritless and abusive filings. Plaintiff will be required to obtain leave of Court to submit future filings in this case. Such leave will not be given without good cause shown.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Reconsideration (Doc. 215) is **DENIED.**

**IT IS FURTHER ORDERED** that if Plaintiff wishes to submit future filings in the instant case, District of Kansas case no. 20-cv-2068, he must comply with the following injunction:

1. With the exception of an objection to this Order, the Clerk shall not accept or file any pro se submissions, motions, filings, pleadings, or other documents from Plaintiff in District of Kansas case no. 20-cv-2068, without the express authorization of a judge of this Court.

2. Plaintiff shall mail or otherwise deliver his submissions to the Clerk of the Court, who shall forward them to a judge of this Court for determination whether the motion or other filings is lacking in merit, duplicative, frivolous, or malicious. The Court will either allow the filing or issue an Order denying it.

Failure to follow these procedures will result in summary rejection of the proposed filing.

---

[17] *Tso v. Murray*, 822 F. App'x 697, 701 (10th Cir. 2020) (quoting *Tripati v. Beaman*, 878 F.2d 351, 353-54 (10th Cir. 1989) (per curiam)).

Plaintiffs may file objections in writing to the Court's Order issuing the above filing restrictions by no later than 14 days after receipt of this Order. If Plaintiff files no objections by that date, the restrictions will be effective without further order of the Court.

**IT IS SO ORDERED.**

Dated this 27th day of October, 2022.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE