IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GANIYU AYINLA JAIYEOLA,

   *Plaintiff,*

vs.

   Case No. 20-cv-2068-EFM

GARMIN INTERNATIONAL, INC.,

   *Defendant.*

**MEMORANDUM AND ORDER**

Before the Court are Plaintiff Jaiyeola's Objections to the Court's Order (Doc. 218) imposing filing restrictions on him. The Court invited Plaintiff to file his objections within 14 days of his receipt of the Court's Order. He has timely done so.

Plaintiff's sole ground for objecting to the imposition of filing restrictions seems to be that he believes the undersigned is somehow biased against him. He notes several details that he believes support this—and only this—conclusion.

First, he highlights that the filing restrictions were imposed by the Court *sua sponte* and implies it was improper for the Court to do so. This is incorrect. "Federal courts have the inherent power to regulate the activities of abusive litigants by imposing carefully tailored restrictions under

appropriate circumstances."[1]  Thus, it was within the Court's authority to raise the matter *sua sponte*.

Second, Plaintiff believes the timeline of the case raises questions about the undersigned's fairness.  Specifically, he notes that while Judge Crow presided over this case for over three months before it was transferred, the undersigned only presided over it for a little over two weeks before deciding to impose filing restrictions.

This, however, is not evidence of bias.  The undersigned has access to the entire docket, which is replete with Plaintiff's abuses of the judicial process.  Judge Crow, though he declined Defendant's request to impose filing restrictions, did so without prejudice to reconsideration at a later date.  Before that, Judge Teeter warned Plaintiff that "continued frivolous or vexatious motion practice in this case may result in the imposition of monetary sanctions or filing restrictions, or both."[2]  Plaintiff was warned of the consequences of continued abusive filings and has nevertheless refused to change course.  Plaintiff's continued abusive filings were the reason for the Court's imposition of filing restrictions, not bias on the part of the undersigned.  Two weeks presiding over this case provided sufficient time for the Court to review the docket and conclude that Plaintiff's frivolous and vexatious motion practice would continue if filing restrictions were not imposed to curb his abusive tendencies.

Finally, Plaintiff takes issue with a statement in the Court's previous order.  The Court, in the opening paragraph of the Order, said that "[f]or obvious reasons, the Court denies" Plaintiff's

---

[1] *Andrews v. Heaton*, 483 F.3d 1070, 1077 (10th Cir. 2007).

[2] Doc. 171, at 11.

second motion for reconsideration.  Plaintiff believes this statement is evidence of bias, as the Court is required to examine both the facts and the law before arriving at a conclusion.

Plaintiff must not have read beyond the Order's first paragraph.  If he had, he would have realized that the Court set out the legal standards for such a motion and found that Plaintiff's arguments failed to show that reconsideration was warranted, as he simply raised the same arguments he had already made twice.  The Court did not summarily deny Plaintiff's motion without appropriate explanation.

Ultimately, it seems Plaintiff is simply dissatisfied with the undersigned's adverse ruling on his second motion to reconsider as well as the imposition of filing restrictions.  Dissatisfaction with adverse rulings alone, however, does not warrant recusal.[3]  Nor does it warrant an inference that filing restrictions were imposed based on judicial bias against Plaintiff.  Because Plaintiff provides no persuasive reason why filing restrictions should not be imposed in this case, his objections are overruled.  Plaintiff will be restricted from filing in the instant case as laid out in the below and in the Court's previous Order (Doc. 218).

In his most recent filing, Plaintiff also appears to use the Court's invitation to file objections to the proposed filing restrictions as an opportunity to move, for the third time, for reconsideration of the Court's order denying him relief under Rule 60(b)(4).  Plaintiff makes the same arguments he made in his last two attempts.  Because this is not the appropriate use of a motion to reconsider, let alone three of them, the Court denies his motion.

**IT IS THEREFORE ORDERED** that Plaintiff's Objections to the imposition of filing restrictions (Doc. 222) are **OVERRULED.**

---

[3] *Willner v. Univ. of Kansas*, 848 F.2d 1023, 1028 (10th Cir. 1988).

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Reconsideration (Doc. 222) and his Motion to Disqualify the undersigned from the lawsuit (Doc. 222) are **DENIED**.

**IT IS FURTHER ORDERED** that if Plaintiff wishes to submit future filings in the instant case, District of Kansas case no. 20-cv-2068, he must comply with the following injunction:

1. The Clerk shall not accept or file any pro se submissions, motions, filings, pleadings, or other documents from Plaintiff in District of Kansas case no. 20-cv-2068, without the express authorization of a judge of this Court.

2. Plaintiff shall mail or otherwise deliver his submissions to the Clerk of the Court, who shall forward them to a judge of this Court for determination whether the motion or other filings is lacking in merit, duplicative, frivolous, or malicious. The Court will either allow the filing or issue an Order denying it.

Failure to follow these procedures will result in summary rejection of the proposed filing.

**IT IS SO ORDERED.**

Dated this 9th day of NOVEMBER, 2022.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE