## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

GANIYU AYINLA JAIYEOLA,

      *Plaintiff,*

vs.

                           Case No. 20-cv-2068-EFM

GARMIN INTERNATIONAL, INC.,

      *Defendant.*

## MEMORANDUM AND ORDER

Before the Court is Plaintiff's "Letter to Clerk Regarding 28 U.S.C. § 455" (Doc. 232). Plaintiff asks the Clerk whether the undersigned and other district judges who issued rulings in this case—Judge John W. Broomes, Judge Holly L. Teeter, Judge Sam A. Crow, and Magistrate Judge James P. O'Hara—violated 28 U.S.C. § 455. Because the Clerk does not have the authority or responsibility to issue a response to Plaintiff's question, the Court construes the document as a "Motion for Recusal."

Under 28 U.S.C. § 455, a judge must disqualify himself "in any proceeding in which his impartiality might reasonably be questioned," or "[w]here he has a personal bias or prejudice

concerning a party."[1]   "The test is whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality."[2]   The determination of whether recusal is required is "extremely fact driven,"[3] and the burden is on the movant to prove, with relevant facts, that a judge is biased.[4]   "The decision to recuse is committed to the sound discretion of the district judge."[5]

Plaintiff's entire Motion consists of a brief recitation of case law discussing whether a judge violates § 455 by not recusing himself immediately after learning of a disqualifying conflict.[6] Plaintiff makes no argument as to why the undersigned or any of the other district judges should have recused themselves.  However, a review of the docket shows that Judge Teeter recused herself in this case after issuing several orders, and thus, it appears that Plaintiff may be arguing Judge Teeter's recusal was untimely.  To the extent Plaintiff is making such argument, it has no merit. Plaintiff offers no facts, and there is nothing in the record indicating that Judge Teeter should have recused herself at an earlier date.

Overall, Plaintiff presents no facts suggesting that the undersigned or the other district judges in this case have an actual bias or appearance of bias.  Plaintiff may disagree with the rulings issued, but dissatisfaction with adverse rulings is not a basis for recusal.[7]   Because a reasonable

---

[1] 28 U.S.C. § 455(a) & (b)(1).

[2] *Bryce v. Episcopal Church in the Diocese of Colo.*, 289 F.3d 648, 659 (10th Cir. 2002) (quoting *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987)).

[3] *Id*. at 660 (quoting *Nichols v. Alley*, 71 F.3d 347, 350 (10th Cir. 1995)).

[4] *Burke v. Regaldo*, 935 F.3d 960, 1054 (10th Cir. 2019) (citation omitted).

[5] *Hinman*, 831 F.2d at 938.

[6] Plaintiff primarily relies upon *Lijeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 867 (1988) and *Driscoll v. MetLife Ins.*, 2021 WL 4710852, at *1-3 (S.D. Cal. 2021).

[7] *Willner v. Univ. of Kan.*, 848 F.2d 1023, 1028 (10th Cir. 1988).

person would harbor no doubts about the undersigned's or the other district judge's impartiality, the Court denies Plaintiff's Motion.

In the alternative, the Court denies Plaintiff's Motion as moot.  In deciding whether a case is moot, "[t]he crucial question is whether granting a present determination of the issues offered . . . will have some effect in the real world.  When it becomes impossible for a court to grant effective relief, a live controversy ceases to exist, and the case becomes moot."[8]  Here, Judge Broomes, Judge Teeter, and Magistrate Judge O'Hara are no longer assigned to the case, and therefore their recusal would not grant Plaintiff any effective relief.  As to the undersigned, recusal would not grant Plaintiff any effective relief as well.  This case is closed, and the Tenth Circuit Court of Appeals has affirmed the Court's decisions.[9]  Accordingly, no live controversy exists, and Plaintiff's Motion is moot.

Finally, the Court reminds Plaintiff that he is under filing restrictions in this case.  This Motion is the fourth time the Court has denied Magistrate Judge O'Hara's recusal and the second time the Court has denied Judge Teeter's and the undersigned's recusal.[10]  Should Plaintiff continue to assert baseless arguments seeking recusal of the undersigned or the other district judges, the Court will deny Plaintiff leave to file the motion based on the filing restrictions issued in its November 9, 2022 Order (Doc. 223).

---

[8] *Kan. Judicial Review v. Stout*, 562 F.3d 1240, 1246 (10th Cir. 2009) (internal quotation marks and citations omitted).

[9] Plaintiff has appealed this Court's decisions to the Tenth Circuit Court of Appeals three times.  All three appeals were denied.  *See Jaiyeola v. Garmin Int'l, Inc.*, 2022 WL 1218642, at *1 (10th Cir. Apr. 26, 2022) (affirming the Court's dismissal of Plaintiff's claims as a sanction for abusive litigation practice); *Jaiyeola v. Garmin Int'l, Inc.* 2023 WL 4417480, at *2 (10th Cir. July 10, 2023) (affirming the Court's imposition of filing restrictions on Plaintiff); *Jaiyeola v. Garmin Int'l, Inc.*, 2024 WL 1654696, at *2 (10th Cir. 2024) (affirming the Court's refusal to grant leave to Plaintiff to file documents in this case).

[10] *See* Plaintiff's Motions to Disqualify (Docs. 35, 120, 167 and 222).  These motions were all denied (Docs. 38, 140, 171, and 223).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Recusal (Doc. 232) is

**DENIED.**

**IT IS SO ORDERED.**

Dated this 14th day of May, 2024.


ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE